## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 06 B 04158 |
| | ) | Chapter 7 |
| MERVYN C. PHILLIPS, JR., | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| IN RE: | ) | Bankruptcy No. 06 B 10762 |
| | ) | Chapter 7 |
| PAUL R. WALKER and MILLIE L. | ) | Judge John H. Squires |
| WALKER, | ) | |
| | ) | |
| Debtors. | | |

### MEMORANDUM OPINION

These matters come before the Court on the applications for final compensation filed by

David R. Brown, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of Mervyn C.

Phillips, Jr. and Paul R. and Millie L. Walker. The Trustee seeks the maximum compensation

allowable under 11 U.S.C. § 326(a). He contends that the amendments to the Bankruptcy Code

pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")

mandate that his compensation be awarded as reasonable commissions pursuant to 11 U.S.C. §

330(a)(7), and that BAPCPA renders the application of lodestar calculations inapplicable. He

seeks $40,325.94 in compensation in the Phillips case and $41,997.75 in the Walker case.

For the reasons set forth herein, the Court holds that § 330(a)(7) requires the Court to

determine reasonable compensation as a commission with § 326(a) establishing a maximum cap

thereon, but such cap is not an entitlement, nor is the Trustee entitled to a statutory presumption

of the appropriate allowable compensation for such services rendered under any of the relevant

-2-

statutory provisions. Federal Rule of Bankruptcy Procedure 2016(a) mandates Chapter 7 trustees and other professional persons seeking interim or final compensation to set forth in their applications detailed statements of the services rendered, time expended, and expenses incurred for the amounts requested. The Court rejects the Trustee's argument that the use of the lodestar calculation as one element, among many, to measure the reasonable compensation to be awarded is inappropriate. For the reasons set forth herein, the Court awards the Trustee compensation in the sum of $33,410.74 in the Phillips case and $31,123.41 in the Walker case.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

The facts and background of these matters are undisputed. Mervyn C. Phillips, Jr. filed a Chapter 7 petition on April 14, 2006. The Trustee was appointed on that date. During the course of his administration of the bankruptcy estate, as disclosed in his final report and account as of March 12, 2008, the Trustee collected receipts totaling $741,518.72, made disbursements totaling $675,452.00, and has $66,066.72 remaining for distribution. The Trustee seeks $40,325.94 as his compensation, which is the maximum allowable under § 326(a). In Exhibit A to his application, the Trustee summarized that he expended twelve hours with respect to asset recovery work; twenty hours on litigation regarding that work; and eight hours for case

-3-

administration work.  In total, he expended forty hours of time as Trustee, which when divided by the total sum he seeks, computes to over $1,000.00 per hour.  A detailed explanation of the litigation resulting in the assets he recovered can be found in *Brown v. Phillips (In re Phillips)*, 379 B.R. 765 (Bankr. N.D. Ill. 2007).  The Trustee's final report indicates that secured creditors will receive a distribution of 49.93% of their allowed claims.  No dividends will be paid to allowed unsecured priority or general unsecured non-priority claims.

Paul R. and Millie L. Walker filed a bankruptcy petition on August 30, 2006.  Thereafter, the Trustee was appointed on October 16, 2006.  As revealed in his final report and account as of February 22, 2008, the Trustee collected receipts totaling $804,954.99, made disbursements totaling $752,916.20, and has $52,038.79 remaining for distribution.  He seeks compensation in the amount of $41,997.75, which represents the maximum allowable amount under § 326(a). The application summarizes that the Trustee expended ten hours negotiating the sale of the single family residence and the disposition of the proceeds thereof to the various claimants; fifteen hours with respect to litigation concerning the sale of the house and avoidance of potentially preferential liens encumbering the property that produced substantial net proceeds to the estate; two hours working with the accountants on tax issues for the estate; one hour on claim administration and objections; and ten hours on case administration.  In total, he expended thirty-eight hours of time, which when divided by the total sum, computes to over $1,000.00 per hour.  His report indicates that he and the other administrative claimants will share pro rata in the available funds and receive approximately 98.53% of their allowed claims with no lower classes of claimants under 11 U.S.C. § 726 to receive any dividends.

-4-

After the Trustee filed his final report and account in each case, it was reviewed by the

United States Trustee, who filed certificates of review in each case that indicated no objection to

the reports. Thereafter, notice was sent to the Debtors and all creditors of the hearings on the

instant applications for compensation. No objections were filed. The Court requested

supplemental briefs from the Trustee because of the issues raised under BAPCPA and the mode

of statutory construction urged by the Trustee. The Trustee's supplemental briefs filed in the two

cases were identical and involve common issues of law and thus can be treated together in this

Opinion. The Court also requested position papers from the United State Trustee. The briefs

filed by the United States Trustee mirror the arguments raised by the Trustee.

## III. DISCUSSION

### A.    Applicable Statutes Regarding Trustee Compensation

Sections 326 and 330 of the Bankruptcy Code govern a Chapter 7 trustee's compensation.

Section 326(a) sets forth the compensation calculation for Chapter 7 and 11 trustees based upon

moneys disbursed and provides as follows:

> In a case under chapter 7 or 11, the court *may allow* reasonable
> compensation under section 330 of this title of the trustee for the
> trustee's services, payable after the trustee renders such services,
> not to exceed 25 percent on the first $5,000 or less, 10 percent on
> any amount in excess of $5,000 but not in excess of $50,000, 5
> percent on any amount in excess of $50,000 but not in excess of
> $1,000,000, and reasonable compensation not to exceed 3 percent
> of such moneys in excess of $1,000,000, upon all moneys
> disbursed or turned over in the case by the trustee to parties in
> interest, excluding the debtor, but including holders of secured
> claims.

11 U.S.C. § 326(a) (emphasis supplied). Next, § 330(a)(1) provides as follows:

-5-

(a)(1) After notice to the parties in interest and the United States
Trustee and a hearing, and subject to sections 326, 328, and 329,
the court may award to a trustee, a consumer privacy ombudsman
appointed under section 332, an examiner, an ombudsman
appointed under section 333, or a professional person employed
under section 327 or 1103–

> (A) reasonable compensation for actual, necessary
> services rendered by the trustee, examiner,
> ombudsman, professional person, or attorney and
> by any paraprofessional person employed by any
> such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

Most of BAPCPA became effective on October 17, 2005, and it amended § 330. These

cases were filed after BAPCPA's effective date, and thus are subject to the BAPCPA

amendments. BAPCPA made two amendments to § 330 with respect to Chapter 7 trustee

compensation. First, § 330(a)(3) sets forth a list of persons who are subject to this provision.[1]

---

[1] Specifically, § 330(a)(3) states as follows:

> In determining the amount of reasonable
> compensation to be awarded to an examiner,
> trustee under chapter 11, or professional
> person, the court shall consider the nature, the
> extent, and the value of such services, taking
> into account all relevant factors, including
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the
> administration of, or beneficial at the time at
> which the service was rendered toward the
> completion of, a case under this title;
> (D) whether the services were performed
> within a reasonable amount of time
> commensurate with the complexity,
> importance, and nature of the problem, issue,
> or task addressed;
> (E) with respect to a professional person,

-6-

Chapter 7 trustees are no longer subject to § 330(a)(3), which limits the determination of the

amount of "reasonable compensation to be awarded" based upon "relevant factors" to "an

examiner, trustee under chapter 11, or professional person." 11 U.S.C. § 330(a)(3). Second, a

new provision, § 330(a)(7), was added by BAPCPA and provides as follows:

> In determining the amount of reasonable compensation to be
> awarded to a trustee, the court shall treat such compensation as a
> commission, based on section 326.

11 U.S.C. § 330(a)(7). Section 330(a)(7) does not define the word "commission."

Next, the discussion focuses on the arguments advocated by the Trustee and the United

States Trustee in support of the compensation the Trustee requests and the Court's considerations

and observations leading to its findings and conclusions.

### B.    BAPCPA Left 11 U.S.C. § 326(a) Unchanged

The Trustee first notes that BAPCPA did not make any changes to § 326(a).  This is

significant because § 326(a) establishes a cap or ceiling on the amount Chapter 7 trustees may

receive as compensation, and leaves courts with certain discretion in the determination of what

the appropriate award should be in each case. Use of the directory language "may" instead of the

mandatory word "shall" leads the Court to conclude that it still retains discretion in making fee

awards to Chapter 7 trustees, despite the Trustee's argument that the Court should award the

---

> whether the person is board certified or
> otherwise has demonstrated skill and
> experience in the bankruptcy field; and
> (F) whether the compensation is reasonable
> based on the customary compensation charged
> by comparably skilled practitioners in cases
> other than cases under this title.

11 U.S.C. § 330(a)(3).

-7-

statutory maximum. If Congress intended to eliminate discretion from the determination it would

have used the imperative "shall" rather than "may" in § 326. *In re Mack Props., Inc.*, 381 B.R.

793, 797-98 (Bankr. M.D. Fla. 2007) (*citing Jama v. Immigration & Customs Enforcement*, 543

U.S. 335, 346 (2005) (stating "[t]he word 'may' customarily connotes discretion.   That

connotation is particularly apt where, as here, 'may' is used in contraposition to the word

'shall....'") (citation omitted)). Had Congress clearly intended to fix trustee compensation at the

statutory levels prescribed, this simple one word change would produce the result the Trustee

desires, and the Court's inquiry would end after checking the arithmetic accuracy of the

computations under § 326(a). However, Congress did not do so. Accordingly, the older case law

construing § 326(a), viewed in isolation, still applies. *See In re Wire Cloth Prods., Inc.*, 130 B.R.

798, 811 (Bankr. N.D. Ill. 1991) (stating the maximum statutory fee for a Chapter 11 trustee is

a ceiling, not a floor, and thus reductions below the maximum amount may be considered); *In re

Churchfield Mgmt. & Inv. Corp.*, 98 B.R. 838, 890 (Bankr. N.D. Ill. 1989) (noting that § 326(a)

does not authorize compensation to trustees; rather, it provides a maximum fee a court may

award); *In re Hobbs*, 108 B.R. 93, 94 (Bankr. D.Md. 1989) (finding that the determination of the

maximum limit of compensation available to a trustee under § 326(a) does not create an

entitlement to that amount); *In re C & A Enters., Inc.*, 132 B.R. 303, 310 (Bankr. W.D. Pa. 1991)

(same). The Seventh Circuit has stated that payment of the statutory maximum fee to a trustee

with more than twelve years of service in the case was not an abuse of discretion. *In re Woodmar

Realty Co.*, 384 F.2d 776, 779-80 (7th Cir. 1967).

The Court has considered both Chapter 11 and Chapter 7 trustee compensation requests

under the former versions of §§ 326(a) and 330(a). *In re Stoecker*, 118 B.R. 596 (Bankr. N.D. Ill.

-8-

1990); *In re Stoecker*, 125 B.R. 767 (Bankr. N.D. Ill. 1991). Courts have wide discretion in

reviewing fee applications. *Stoecker*, 118 B.R. at 601. The trustee bears the burden of proof in

all matters concerning his fees. *Id.* Courts may award a trustee less than the statutory fee set forth

in § 326(a). *Id.* Section 326(a) sets a ceiling on a trustee's fees, and does not create an

entitlement to a commission in that amount. *Id.*

### C. The Calculated Fees Under § 326(a) Are Presumptively Allowable

The second point argued by the Trustee is that his requested compensation as calculated

under § 326(a) should be presumptively allowed as the commission now prescribed under §

330(a)(7). In addition, the Trustee notes that reference to Chapter 7 trustees was eliminated in

§ 330(a)(3). The elimination of the reference to Chapter 7 trustees was noted by one of the

Court's colleagues, Judge Eugene R. Wedoff, in one of his learned articles that summarized the

BAPCPA amendments:

> Section 330(a)(3) is amended to exclude chapter 7 trustees from
> the professionals whose compensation is to be based, among other
> things, on the time spent in providing their services. Rather, new
> § 330(a)(7) is added, providing that the reasonable compensation
> of "a trustee" shall be treated "as a commission, based on § 326."
> Although new paragraph (a)(7) is not limited by its terms to
> chapter 7 trustees, chapter 11 trustees are expressly included in the
> list of professionals subject to § 330(a)(3), and so it is doubtful the
> new paragraph applies to chapter 11 trustees.

Eugene R. Wedoff, *Major Consumer Bankruptcy Effects of BAPCPA*, 1 U. ILL. L. REV. 31, 58

(2007) (footnotes omitted).

Similarly, another leading commentator has opined that the "primary effect of the change

should be that, in the majority of cases, a trustee's allowed fee will presumptively be the statutory

commission amount." 3 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY, §

-9-

330.03[1][a], at 330-14 (15th ed. rev. 2008). Thus, the Trustee concludes that the maximum

statutory fees as calculated under § 326(a) should be presumptively allowed as the commissions

now required under § 330(a)(7) without consideration of the time expended and the other factors

enumerated in § 330(a)(3).

While this argument enjoys support, the Court declines the offer to infer a presumption

where Congress has not seen fit to so expressly legislate. Where Congress clearly intended to

draft presumptions in the BAPCPA amendments, it did so as evidenced by § 362(c)(3)(C) and §

362(c)(4)(D), which state in pertinent part as follows:

> (c)(3)(C) for purposes of subparagraph (B), a case is presumptively
> filed not in good faith (but such presumption may be rebutted by
> clear and convincing evidence to the contrary)–
> (c)(4)(D) for purposes of subparagraph (B), a case is presumptively
> filed not in good faith (but such presumption may be rebutted by
> clear and convincing evidence to the contrary)–

11 U.S.C. § 362(c)(3)(C) & § 362(c)(4)(D).

Thus, in the absence of clear and express statutory language, the Court declines to infer

that the requested compensation should be afforded any presumption of allowance when

computed in accordance with § 326(a). The Court then turns to the next principal argument of

the Trustee- use of canons of statutory construction.

### D.    Application of Various Canons of Statutory Construction

The Trustee cites to several cases to support his view of the appropriate application of §§

326(a) and 330(a)(7). The starting point is the language of the applicable statutes. *Landreth*

*Timber Co. v. Landreth,* 471 U.S. 681, 685 (1985). A court should enforce a statute's language

according to its terms where the disposition required by the text is not absurd. *Lamie v. United*

-10-

*States Trustee,* 540 U.S. 526, 534 (2004). When "'Congress includes particular language in one

section of a statute but omits it in another section of the same Act, it is generally presumed that

Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v.*

*United States,* 464 U.S. 16, 23 (1983) (*quoting United States v. Wong Kim Bo*, 472 F.2d 720, 722

(5th Cir. 1972)). This point is relevant to the Trustee's argument regarding § 330(a)(3), which

no longer applies to Chapter 7 trustees.

Words of a statute must be read in their context and with a view to their place in the global

statutory framework. *Davis v. Mich. Dep't of Treasury,* 489 U.S. 803, 809 (1989). The primary

function of statutory construction is to effectuate the intent of Congress. *FTC v. Anheuser-Busch,*

*Inc.*, 363 U.S. 536, 553 (1960). Moreover, canons of construction are mere aids to that process

and should not be used to displace the search for statutory meaning. *Interstate Natural Gas Ass'n*

*of Am. v. FERC*, 716 F.2d 1, 10 (D.C. Cir. 1983). Next, the Court will consider the arguments

of the Trustee on the interaction and applicability of the canons of construction to the referenced

sections.

E.    **Because § 330(a)(3) No Longer Applies to Chapter 7 Trustees, the Factors**
      **Enumerated Therein Should Not Be Considered and the Lodestar Analysis**
      **Is Inappropriate**

It is undisputed that when § 330(a)(3) was amended by BAPCPA, the reference to Chapter

7 trustees was omitted. The canon of statutory construction sometimes referred to by the phrase

*expressio unius est exclusio alterius* (the expression of the one is the exclusion of the other) may

be applicable to § 330(a)(3) because Congress removed Chapter 7 trustees from those

professionals referenced in that part of the statute for which factors such as time spent, rates for

services rendered, and the other factors are matters for the Court to take into account when

-11-

allowing compensation applications. The two factors that comprise the principal components of the lodestar approach are the time expended by the professional and the rate normally charged by the professional for such services, which, when multiplied, produce as the product of those two factors the end result in dollars to be awarded.

The Court is mindful, however, that the seminal opinion *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) utilized a dozen factors including the two just discussed. The inquiry is not complete, however, even if those two factors are not considered because not all twelve factors are referenced in § 330(a)(3). Section 330(a)(3) expressly enumerates six factors, including the two that are used to compute the lodestar computation. Thus, following the Trustee's line of argument that the six factors referenced in § 330(a)(3) should not be considered in making awards of compensation as a commission to Chapter 7 trustees via § 330(a)(7) and § 326(a), it is not unreasonable or illogical to consider the remaining six *Johnson* factors not specifically referenced in the statute.

In the absence of clear Congressional mandate or direction, the Court concludes that the other remaining *Johnson* factors are relevant to the Court's inquiry and reasonable exercise of its discretion under § 326(a). After all, the *Johnson* factors are an attempt to judicially employ some objective measures to use in fee awards to fill the gaps created by statutes like § 330 where "reasonable compensation" is not clearly defined. If the Court is to retain some discretion in the inherently subjective work of compensation awards, some objective factors should be utilized. Otherwise, what is the Court to do but pluck numbers from the parties, the air, or its own sense of what is appropriate under the facts of the matter? Better to use some ostensibly objective benchmarks or factors than none at all or merely resort to some sense of free-wheeling equity.

-12-

The *Johnson* factors not referenced in § 330(a)(3) are as follows: (1) the novelty and difficulty of the questions; (2) the skill requisite to perform the service properly; (3) the preclusion of other employment due to acceptance of the case; (4) the amount involved and the results obtained; (5) the "undesirability" of the case; and (6) whether the fee is fixed or contingent. 488 F.2d at 717-19. All of these factors aid the Court in exercising its discretion. Because these *Johnson* factors are not specifically enumerated in § 330(a)(3), the Court will consider these factors to determine whether a Chapter 7 trustee's compensation is "reasonable" under § 330(a)(1) and (a)(7).

First, neither case involved new or novel issues. In the Phillips case, the recovery was effected by the Trustee with the help of his attorneys after a somewhat difficult trial. Second, as usual, the Trustee has performed his duties extremely well and properly with all the requisite skill attendant to his experience and high level expertise as a panel trustee. Third, there is no evidence of any preclusion of other employment by his acceptance and performance of the office of trustee in either of these cases. Fourth, the results obtained have been very good, especially for those claimants who have received payments on their allowed claims. Fifth, neither case is undesirable. Indeed, all Chapter 7 "asset" cases are inherently desirable from a Chapter 7 trustee's perspective because they provide a likely source of reasonable compensation being awarded for services rendered. These "asset" cases are in marked contrast to many, if not most, "no asset" Chapter 7 cases that are often loss leaders given the $60.00 per case fee which rarely compensates adequately for a trustee's required duties. Finally, the fees sought in these cases are neither fixed nor contingent. Rather, the fees are based on a percentage of the moneys disbursed in these cases by the Trustee.

-13-

**F.**  **Section 330(a)(7) Mandates That Compensation to Trustees Should Be Treated as a Commission Computed Under § 326**

The Court agrees the language in § 330(a)(7) requires it to treat trustee compensation under § 326 as a commission. The term "commission," however, is undefined. The statutory text of § 330(a)(7) does not state that there is any presumptively appropriate amount when the formula of § 326(a) is applied or that such end product must be awarded. Neither section mandates the result sought here nor states expressly that the resulting product of applying the § 326(a) formula is presumptively the appropriate compensation. Thus, the Court concludes that it retains discretion under § 326(a) to make the appropriate award based on the relevant facts and circumstances.

**G.**  **Section 330(a)(7)'s Undefined Reference to Compensation as a Commission Calculated under § 326(a) Means That Chapter 7 Trustee Compensation Is Not Limited by the Factors Listed in § 330(a)(3)**

The Court agrees with this argument because § 330(a)(3) now specifically references the factors to consider in compensation awards made to examiners, Chapter 11 trustees, and other professional persons, and eliminates reference to Chapter 7 trustees. Elimination of consideration of the six statutory factors referenced in § 330(a)(3), however, even under the Trustee's view, still begs the question of how the Court should exercise its discretion under § 326(a) and upon what factors it should rely. Should the remaining six *Johnson* factors be considered? If not, what is appropriate for the Court to base its decision upon? Unfortunately, there is no clear answer from the statutory text, and the limited legislative gloss and history is little, if any, help.

-14-

### H. The Commission Mandated by § 330(a)(7) and Computed Under § 326(a) Produces the Compensation Sought That Should Be Accorded Presumptively Reasonable Treatment; It Is Inappropriate to Consider Any of the Factors Listed in § 330(a)(3)

The central thesis of the Trustee's position is that the proper application, construction, and interplay among §§ 326(a), 330(a)(3), and 330(a)(7), when adhering to the cited canons of statutory construction, leads to the inevitable conclusion that the commission treatment of trustee compensation, as mandated by § 330(a)(7) and computed under § 326(a), must exclude the specific factors applicable to other professionals in § 330(a)(3) with the end product the presumptively correct amount to be awarded. The result then squares with both the statutory text and the legislative intent, and leaves the Court to review the sum only for reasonableness. This is a plausible construction that finds some support as discussed above. Unfortunately for the Trustee, the only case that supports this construction is *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Trustee candidly admits the case is distinguishable both factually and statutorily. In *Gisbrecht*, reasonable fees were at issue under 42 U.S.C. § 406(b), and the focus was whether contingent fee agreements between claimant and counsel regarding a social security disability claim were presumptively reasonable under the 25% limitation imposed by the statute or whether a lodestar analysis under *Johnson* was appropriate. The Supreme Court held such contingent fee agreements were presumptively reasonable if within the statutory limit and noted that § 406(b) was enacted at a time when contingent fees were common in such cases and before the development of the lodestar method. *Id.* at 807-09. Thus, the Supreme Court concluded the pre-established cap agreements remained reasonable and enforceable.

-15-

While this argument by analogy aids the Trustee's construction of the statutes at bar, it provides limited support because of the manifest differences in the language of the statutes. Further, the contingent nature of the fee agreement in *Gisbrecht* is in marked contrast to the commissions sought in these bankruptcy cases involving payment from the bankruptcy estates. Finally, the impact on third parties' economic interests, like the creditors' claims that will not be paid to the extent the Trustee's fees are allowed and paid, did not exist in *Gisbrecht*. These bankruptcy considerations were not germane in *Gisbrecht*. The other cases cited by the Trustee that construed and applied the BAPCPA amendments are admittedly contrary to his position. A brief discussion is needed to summarize the recent decisions.

## I.    Recent Case Law Contrary to the Trustee's Arguments and Construction of the Relevant Bankruptcy Code Provisions

The first case noted by the Trustee is *In re Clemens*, 349 B.R. 725 (Bankr. D. Utah 2006), which he contends is unsound because of the conclusion that a lodestar analysis using the *Johnson* factors is still required. According to the Trustee, the *Clemens* court erred by relying on prior case law and ignoring § 330(a)(7), and acknowledged that by doing so it may have rendered that section merely surplusage.

*Clemens* concluded that § 330(a)(1) still requires only "reasonable compensation" to be awarded to Chapter 7 trustees; that § 330(a)(7)'s language concerning the undefined term of "commission" with respect to Chapter 7 trustee compensation added little to the required inquiry; and that the court was not prohibited from continuing to utilize a lodestar analysis in conjunction with its determination of a trustee's reasonable compensation. *Id.* at 729-32. Judge Thurman rejected the trustee's argument that the recent changes to § 330(a)(3) and the addition of §

-16-

330(a)(7) effectively mandate allowance of fees solely based on the § 326(a) calculation. He found this argument ignores the § 330(a)(1)(A) requirement for allowance of reasonable compensation for actual, necessary services rendered. Further, he noted that § 330(a)(2) states that a court may award less compensation than requested. He also pointed out that some would ignore that the language of § 330(a)(7) also applies to Chapter 11 trustees who are subject to the statutory factors enumerated in § 330(a)(3), thereby creating inconsistencies between Chapter 7 and 11 trustees when applying § 330. Because the trustee in *Clemens* failed to provide an itemization of the time expended with explanation of the services rendered, the court denied the application without prejudice. *Id.* at 733. The court noted it might subsequently determine the trustee would be entitled to the full amount requested "even if his itemization of services performed supports less compensation." *Id.*

The Court finds that *Clemens* did not ignore the BAPCPA amendments as the Trustee argues. The Court agrees with most of the points made in *Clemens*. The *Clemens* court simply construed and applied the statutes in a manner contrary to the construction urged by the trustee there.

Similarly, the Trustee criticizes *In re Ward*, 366 B.R. 470 (Bankr. W.D. Pa. 2007) for citing *Clemens* extensively, fashioning its own "brand of subjective reasonableness," failing to apply a lodestar analysis or any other "cognizable standard," citing and following pre-BAPCPA case law, and ignoring the amendments. *Ward* construed §§ 330(a)(1), 330(a)(7), and 326(a) and concluded that the reasonableness requirements of both § 330(a)(1) and § 326(a) were unchanged. *Id.* at 473. The court referenced the *Clemens* analysis of the relevant statutory provisions, but concluded that the addition of § 330(a)(7) produces the "primary effect" that "in the majority of

-17-

cases, a trustee's allowed fee will presumptively be the statutory commission amount." *Id.* at 475. As noted above, the Court disagrees on the presumption point. In the *Ward* case, the deciding factor in Judge Bentz's conclusion was that the trustee processed and closed a real estate sale that was arranged pre-petition, engaged an auctioneer to liquidate personality, and received the debtor's tax refund. *Id.* at 476. Thus, he concluded that the § 326(a) computed formula of over $9,000 was too high and the lodestar result based on time spent of approximately $2,000 was too low. *Id.* Accordingly, he split the difference in a Solomon-like fashion by awarding $5,000 in fees. *Id.* He noted that in many cases, trustees "end up with an estate of little or no value and receive little or no compensation. . ." and, as a result, he has been "liberal in awarding trustee fees." *Id.* The Court concludes that *Ward* did not ignore the BAPCPA amendments.

Next, the Trustee criticizes *In re Mack Properties, Inc.*, 381 B.R. 793 (Bankr. M.D. Fla. 2007). There, the Chapter 7 trustee asserted that his compensation should be determined solely by the § 326 calculation and should not be subject to a "reasonableness" review in the absence of extraordinary circumstances. *Id.* at 797. Judge Briskman stated that the text and applicable judicial gloss regarding § 326(a) remains unchanged, and that § 326(a) and § 330(a)(1) retain the "reasonableness standard" and do not preclude appropriate exercise of judicial discretion. *Id.* at 798. He pointedly noted that awarding the statutory maximum in every case could overcompensate Chapter 7 trustees in cases where monetary distribution is high in relation to the services performed. *Id.* at 799. He also noted that in cases where significant sums are collected through unexceptional efforts by the trustee, creditors should not have their distributions reduced to make up for inadequate trustee compensation. *Id.* The Court concurs with this observation. The *Mack Properties* court concluded that the trustee's services regarding the sale of property to

-18-

a tenant and interactions with an auctioneer and counsel for the secured creditor only warranted less than one-half of the cap computed under § 326(a). *Id.*

Lastly, the Trustee cites to and criticizes *In re McKinney*, 374 B.R. 726 (Bankr. N.D. Cal. 2007) for relying on *Clemens* and *Ward* and requiring an analysis of time spent in determining reasonable compensation. The court found that § 330(a)(7) did create a presumption that the commission percentages computed under § 326 were reasonable compensation, but it refused to allow the cap requested and utilized a lodestar analysis. Judge Carlson held that time spent by a Chapter 7 trustee is still relevant even if it no longer marks the starting point for calculating compensation. *Id.* at 728. He did not allow any compensation because the trustee failed to provide time records in compliance with that court's fee guidelines. *Id.* at 732. Judge Carlson made several salient points in *McKinney*: (1) because § 330(a)(3) requires commission to Chapter 11 trustees who are also subject to § 330(a)(7)'s commission provision, their time and services are factors to be calculated under a lodestar approach, and some consideration of time spent in those instances is required; (2) BAPCPA does not eliminate the reasonableness requirement for Chapter 7 trustee compensation; (3) according some weight to time spent is not synonymous with a strict lodestar calculation because of the other relevant factors to consider; (4) the BAPCPA amendments provide broad discretion to courts and the Code does not state that the statutory maximum is presumed to be reasonable; (5) slavish reliance on amounts distributed to creditors is inappropriate and can lead to unjust results to the detriment of creditors by dilution of their dividends in simple cases requiring little skill or effort by the trustee; (6) leading authorities like COLLIERS and the opinions in *Ward* and *Clemens* state that time spent is a factor to be considered;

-19-

and (7) requiring Chapter 7 trustees to maintain and submit their time records is not an undue burden. *Id.* at 729-32.

According to the Trustee, these recent opinions fail to follow § 330(a)(7), and they improperly utilize a lodestar analysis, contrary to the Congressional intent as reflected in the BAPCPA amendments, rather than treat the commission mode of compensation computed under the formula contained in § 326(a) as presumptively reasonable. Although the Trustee argues that the cited cases were incorrectly decided, the Court cannot agree.

The Court concludes the views of Judges Thurman, Bentz, Briskman, and Carlson, all experienced and able jurists, more appropriately construe and attempt to apply the relevant provisions of §§ 326(a), 330(a)(1), 330(a)(3), and 330(a)(7). The Trustee's criticisms are largely unsupported, overstated, and result oriented. He understandably advocates the desired result, namely allowance of the requested fees in full at the statutory cap as presumptively reasonable compensation without any consideration of the enumerated § 330(a)(3) factors. Unlike the trustee in *Mack Properties*, the Trustee in these cases wisely concedes that the Court has discretion to award only "reasonable compensation," which may be less than the statutory cap. The Court rejects the conclusion that there is any presumptive allowed compensation computed at the cap of § 326. The Court is of the view that the *Johnson* factors not mentioned in § 330(a)(3), which are expressly pertinent to Chapter 11 trustees, should be considered in making the appropriate awards in these cases. At bottom, the exercise is inherently subjective and fact specific to the services performed and results obtained in each case, with no one case being identical to another.

Under the present statutory scheme, it is difficult to definitively exercise the Court's discretion absent clear Congressional mandate. Thus, courts will be required to make such fee

-20-

awards case by case and application by application until higher authority legislates a simpler or

mandatory methodology and relieves the bankruptcy courts of this task, or otherwise removes a

court's discretion from the calculus.

**J.      Additional Statutory and Other Authority Relevant to the Analysis and
         Decision**

Overlooked by the Trustee, but noteworthy of comment and consideration is § 330(a)(2),

which provides "[t]he court may, on its own motion or on the motion of the United States Trustee,

the United States Trustee for the District or Region, the trustee for the estate, or any other party

in interest, award compensation that is less than the amount of compensation that is requested."

11 U.S.C. § 330(a)(2). This portion of § 330 remains unchanged by BAPCPA and is additional

statutory authority to support the conclusion that the Court is vested with some discretion to be

judiciously and fairly exercised.  Accordingly, pursuant to this section, the Court is not obliged

to award all of the compensation sought here by the Trustee.

In addition, Federal Rule of Bankruptcy Procedure 2016(a) did not change with BAPCPA

and provides in relevant part that "[a]n entity seeking interim or final compensation for services,

or reimbursement of necessary expenses, from the estate shall file an application setting forth a

detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the

amounts requested. . . . " FED. R. BANKR. P. 2016(a). The Trustee's applications at bar comply

with the Rule's requirements. The Court notes that the Supreme Court has promulgated various

new and interim rules to implement the statutory changes resulting from BAPCPA.  To date,

however, Bankruptcy Rule 2016(a) remains unchanged and applies to all professional persons,

including Chapter 7 trustees, with regard to the content of their fee applications.  As a result, at

-21-

least the time spent component, which comprises a part of the lodestar analysis, is still required under the Rule.

### K.    Analysis by the Court in Light of the Relevant Authorities

As an aside worthy of note is an observation and candid point the Trustee could have made as a long serving and diligent member of the Chapter 7 panel of trustees for this District. In the vast majority of cases, trustees spend most of their time administering bankruptcy estates that do not produce returns for any creditor class because they are "no asset" cases. In such cases, in marked contrast to the "asset" cases at bar, where substantial assets have been recovered, liquidated, and used to pay allowed claims in the order of priority set by § 726 of the Code, the trustee of a "no asset" Chapter 7 case receives the statutory portion of a debtor's filing fee in the amount of $60.00. This manifestly inadequate sum is paid (with exception for in forma pauperis cases) for all the time and effort required to review the debtor's schedules and statement of affairs; review the pay advices; review the tax returns and other papers; preside over the creditors' meetings required under 11 U.S.C. § 341; communicate and correspond with creditors and other parties in interest; and prepare and engage in discovery matters leading to the filing of a "no asset" report. Such work has increased substantially under BAPCPA's more onerous requirements, and makes the "no asset" cases even greater loss leaders and unprofitable work. It is therefore entirely understandable for trustees to seek the maximum amount of compensation in the "asset" cases in order to offset their time and efforts, which are virtually uncompensated or at least highly "undercompensated" in the "no asset" cases they handle. The Court therefore understands the economic reality and motivation behind the Trustee's position advocated in these cases, which he has been loath to advance or even hint at as an experienced and able panel member who has

-22-

long suffered the blight of inadequate compensation for the important work he renders to the bankruptcy system.

As sympathetic as this Judge is as a former trustee and private practicing attorney in the bankruptcy system, the plight of the trustees can only be solved by those in authority who can remedy the "no asset" fee problem. This Judge, in good conscience, cannot award fees in these "asset" cases not commensurate with what the Trustee should be awarded for his services, in order to offset the losses or inadequacies over the years he has almost certainly incurred and suffered in other unrelated "no asset" cases. Only higher authorities can remedy the problem by appropriate legislation. As noted aptly in *McKinney*, it is inappropriate in an "asset" case, like these at bar, to overcompensate trustees with the resultant dividend dilution to the other creditors' allowed claims, to somehow make up for their uncompensated time and services in the "no asset" cases. 374 B.R. at 731.

The Court holds that the unchanged statutory mandate (but undefined standard) remains "reasonable compensation for actual, necessary services rendered," no more and no less. Because Congress has not seen fit to make the § 326(a) statutory cap mandatory, it should not be treated as the presumptively correct amount. Rather, that sum represents a ceiling. It is still a discretionary judgment call using the applicable statutory language and relevant judicial gloss to decide an inherently subjective and sensitive matter.

All of the relevant factors are discussed above in each case in light of the amounts distributed under § 326(a)'s formula. The first tier of commission equals $1,250.00 (or 25% of the first $5,000.00). The second tier of commission computes at $4,500.00 (or 10% of the next $45,000.00). Those two tiers subtotal $5,750.00. It is in the third tier where more substantial

-23-

commissions can be earned because the cap is based on 5% (maximum) of the next $950,000.00 of amounts distributed. In the Phillips case at that tier, the 5% maximum sought produces the amount of $34,575.94 for the total requested of $40,325.94 ($5,750.00 + $34,575.94 = $40,325.94). In the Walker case at the third tier, the 5% maximum sought equals $36,247.75 for the total requested of $41,997.75 ($5,750.00 + $36,247.75 = $41,997.75).

The mandated "commission" under § 330(a)(7) does not require award of the statutory maximum in every case. The maximum amount should only be awarded in those instances of truly excellent work and efforts by a trustee. Something less computed at a lower percentage in the third tier should be considered where the efforts and results are very good; lesser in instances where the work is less difficult with attendant results; lower still where the services and results are merely good or average; and even less when the performance merits something more than the aggregate of the first two tiers, but not much more. Stripped to a simplistic analogy from school experiences shared by most, a 5% commission should be awarded for "A" work and so on down the line. Awarding less in cases where little work or skill was required avoids overcompensation to trustees at the expense of dividend dilution to other allowed claimants on the same priority or lower.

Applying this analysis, the Court concludes that in the Phillips case the very good work and results obtained merit a 4% award or $27,660.74 plus $5,750,000 for a total of $33,410.74. The majority of the difficult work was performed by the Trustee's attorneys in the litigation, under his supervision and direction, but in which he had little involvement. In contrast, the good work and results obtained in the Walker case required somewhat less effort and much less litigation.

-24-

Hence, the Court concludes a 3.5% award or $25,373.41 plus $5,750.00 for a total of $31,123.41

constitutes an appropriate award under all the facts and circumstances.


## IV.  CONCLUSION

For the reasons set forth herein, the Court awards the Trustee compensation in the sum

of $33,410.74 in the Phillips case and $31,123.41 in the Walker case.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance

with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to

Federal Rule of Bankruptcy Procedure 9021.


ENTERED:


DATE: _____          _____
                                   John H. Squires
                                   United States Bankruptcy Judge



cc:  See attached Service List

## SERVICE LIST

### Mervyn C. Phillips, Jr.
### Bankruptcy Case No. 06 B 04158

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis,
LLC
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

Arthur W. Rummler, Esq.
Springer, Brown, Covey, Gaertner & Davis,
LLC
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604